# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Maria Valdez |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1240 | **DATE** | 3/10/2010 |
| **CASE TITLE** | Macias vs. City of Chicago, et al | | |

**DOCKET ENTRY TEXT**

Magistrate Judge Status hearing held on 3/10/2010. Plaintiff request for an oral motion to amend complaint to add additional defendants. Defendant's counsel has no objection as stated in open court. Therefore Plaintiff's oral motion to amend complaint to add additional defendants is granted. Amended complaint to be filed no later than 10 days. The Court enters the following order in regards to Defendants' proposed protective order.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

00:05

# STATEMENT

This matter is before the Court on the parties' dispute regarding Defendants' proposed protective order. Defendants seek to enter a protective order concerning, among other things, confidential police disciplinary and complaint records. The proposed protective order defines "Confidential Matter" as, among other things, "personnel files, disciplinary actions, histories, files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as 'Complaint Register' files), and related information that are protected by the *Illinois Personnel Records Review Act*, 820 ILCS 40/0.01, *et seq.* (West 2004) and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.* (West 2004), as well as personal and family information of police officers, including residential information." (Pl.'s Mem., Ex. A ¶ A.6.) Plaintiff does not object to the portions of the protective order regarding medical information or any officer's personal or identifying information. Plaintiff claims, however, that recent Illinois Supreme Court decisions do not support the entry of the protective order with regard to the confidentiality of Complaint Register files.

Litigation, even of cases involving trade secrets and other confidential information, has historically been open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Courts should therefore secrete generally public information only if good cause is shown. *Jessup*, 277 F.3d at 929; *Union Oil*, 220 F.3d at 568; *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *In re Krynicki*, 983 F.2d 74, 76-77 (7th Cir. 1992). But while "most documents filed in court are presumptively open to the public," the public's right of access to court documents is limited to publicly available documents, and "'discovered, but not yet admitted, information' is not 'a traditionally public source of information.'" *Bond v. Utreras*, 585 F.3d 1061, 1073-74 (7th Cir. 2009) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Accordingly, the Seventh Circuit has held that "while the public has a presumptive right to access discovery materials that are filed with the court, used in a judicial proceeding, or otherwise constitute 'judicial records,' the same is not true of materials produced

**STATEMENT**

during discovery but not filed with the court." *Bond*, 585 F.3d at 1073. Indeed, "the public has no constitutional, statutory (rule-based), or common-law right of access to *unfiled* discovery." *Id.* (emphasis in original). Rather, the "rights of the public kick in when material produced during discovery is filed with the court." *Id.* at 1075.

Plaintiff does not dispute that there is good cause to redact from discovery any references to individual police officers' personal and confidential information, such as Social Security numbers, addresses, telephone numbers, etc. Thus, the parties' dispute is whether Complaint Register ("CR") files are properly considered confidential under the relevant Illinois statutes. In cases discussing CR files under the previous version of FOIA, it had become clear that CR files were not protected from disclosure. *See Gekas v. Williamson*, 912 N.E.2d 347, 356 (Ill. 2009) ("Whether [an officer] used excessive force or otherwise committed misconduct during an investigation or arrest is not his private business."); *see also Padilla v. City of Chi.*, No. 06 C 5462, 2009 WL 3808634, at *3 (N.D. Ill. Nov. 16, 2009) (stating that "the assumed underpinning for th[e] mistaken premise" that complaint register files were confidential "was persuasively demolished by *Gekas*"); *Goldhamer v. Nagode*, No. 07 C 5286, 2009 WL 3680201, at *2 (N.D. Ill. Nov. 2, 2009) (defining as confidential only "truly confidential" information within complaint register files, such as addresses and personal financial information).

Defendants argue, however, that an amendment to FOIA, effective March 1, 2010, has changed the analysis. The amendment provides an exemption for "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed." 5 Ill. Comp. Stat. § 140/7(1)(n).

Defendants contend that the opening of a CR file is the first step involved in the resolution of a disciplinary case and that, "[w]hether the finding that resolves the case reaches the level of a Police Board hearing or not, the entire file relates to the adjudication of a disciplinary case." (Defs.' Joint Resp. at 6.) Because the Independent Police Review Authority ("IPRA") and the Internal Affairs Division ("IAD") of the Chicago Police Department are involved in both the investigation and resolution of disputes, documents created during the course of that process are within the scope of "a public body's adjudication of . . . disciplinary cases."

Plaintiff maintains that CR files are not adjudications because the IPRA conducts investigations into allegations of misconduct and that the IPRA's finding (such as "sustained," "not sustained," "unfounded," etc.) does not constitute discipline. Instead, after the finding, an officer may then be subject to discipline by another body, such as the Police Board. Plaintiff has submitted a Chicago Police Board publication entitled "Allegations of Police Misconduct: A Guide to the Complaint and Disciplinary Process" (August 2009), which states:

> The Independent Police Review Authority (IPRA), the Police Department, and the Police Board have different roles. The responsibility to receive complaints rests with IPRA, Depending on the nature of the allegations, either IPRA or the Police Department will investigate the Complaint. The Police Board's role is to adjudicate the complaints--it is similar to a court.

(Pl.'s Mem. Ex. C at 1.)

The Court finds that the plain language of the City's own publication makes it clear that the information contained in CR files relates to the investigation of a complaint and that the adjudication of the complaint occurs after the IPRA has issued its finding. The CR files do not reveal an adjudicatory process, and the fact

**STATEMENT**

that the files may ultimately be relevant in a later adjudication does not put them within the FOIA exemption.

The Court therefore finds that the definition of "Confidential Matter" in Defendants' proposed protective order should not include the language "files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as 'Complaint Register' files)." The parties are ordered to submit an amended proposed protective order no later than 10 days from the date of this order.